# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| STEVEN UNDRA GOLDEN, | CIVIL ACTION NO. 9:08-3469-TLW-BM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAVID MIKE MCCALL, Warden, Perry Correctional Center, | |
| Respondent. | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on October 8, 2008.[1]

The Respondent filed a return and motion for summary judgment on March 16, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on March 19, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition on April 13, 2009.

This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988) [Petition received in prison mail room on October 8, 2008].

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule (continued...)

1



**Procedural History**

Petitioner was indicted in 1998 in Greenville County for murder [Indictment No. 98-GS-23-5221], three counts of armed robbery [Indictment Nos. 98-GS-23-5223, 99-GS-23-932 and 933], criminal conspiracy [Indictment No. 98-GS-23-5219], and possession of a firearm during the commission of a violent crime [Indictment No. 98-GS-23-5221]. See Appendix, pp. 33-38.[3] The State sought the death penalty against Petitioner and his co-defendant, Freddie Eugene Owens, who were to be tried together. Petitioner was represented by Rick Vieth, Esquire, and Mark S. Meglic, Esquire. See R., Vol. III, p. 1310.

The day of the trial (February 9, 1999) Petitioner withdrew his plea of not guilty, entered a plea of guilty to all charges, and agreed to testify truthfully against Owens.[4] See R., Vol. III, pp. 1311-1333. Petitioner then proceed to testify in Owens' trial; see R., Vol. V, pp. 2283-2417; following which Owens was convicted of murder, armed robbery, conspiracy, and possession of a weapon during a violent crime and sentenced to death. See State v. Owens, 552 S.E.2d 745, 749 (S.C. 2001)(Owens I), overruled by, State v. Gentry, 610 S.E.2d 494 (S.C. 2005).

After Owens' convictions and sentences, Petitioner was sentenced to an aggregate total of thirty (30) years imprisonment. See State Court Order Vacating Petitioner's guilty pleas and

---

(...continued)
73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Copies of indictments for 98-GS-23-5223, -932, and -5219 are not in the appendix. However, they are discussed in Petitioner's guilty plea. See Appendix, p. 3; R. Vol. III, pp. 1313-1315, 1323-1324. Two of these indictments, 932 and 933, were also apparently not returned by a Grand Jury. Petitioner waived presentment on those two indictments. R. Vol. III, p. 1314.

[4]Petitioner agreed to enter his plea and testify against Owens after the trial judge refused to suppress Petitioner's confession to the police. See Appendix, pp. 59-60.



sentences (April 11, 2003)[Court Docket No. 25-17].[5] Petitioner did not appeal his convictions or sentences. However, on June 18, 2001, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Golden v. State of South Carolina, No. 2001-CP-23-3851.[6] While Petitioner's APCR was pending, Owens' convictions were affirmed on direct appeal to the South Carolina Supreme Court, but his death sentence was vacated and the case was remanded for a new sentencing hearing. State v. Owens, supra (Owens I). Petitioner subsequently testified at Owens' second sentencing proceeding, and Owens was again sentenced to death. See Appendix, p. 13; see also State v. Owens, 607 S.E.2d 78 (S.C. 2004)(Owens II).

On April 11, 2003, Petitioner's murder conviction and other convictions were vacated.[7] See State Court Order Vacating Petitioner's guilty pleas and sentences (April 11, 2003)[Court Docket No. 25-17]. Petitioner was represented by Carl Muller, Esquire, who had been his PCR counsel. At the time Petitioner's convictions were vacated, his PCR action was still pending. After Petitioner's convictions were vacated, he pled guilty on April 11, 2003 to voluntary manslaughter, three (3) counts of armed robbery, conspiracy, and possession of a weapon during a violent crime; see Appendix, pp. 1-17; and was sentenced to twenty-eight (28) years on the manslaughter and armed robbery charges, and to five (5) years, concurrent, on the conspiracy and possession of a weapon charges. See Appendix, p. 16. The plea agreement and negotiated sentence under which Petitioner pled came as a result of Petitioner's testimony at Owens' second sentencing

---

[5]A record of this sentencing does not appear to have been made a part of the record. However, Respondent represents that Petitioner's sentence was based on a recommendation made by the State at sentencing.

[6]Copy not provided. But see Appendix, p. 73.

[7]The Solicitor and Petitioner's collateral counsel consented to the convictions and sentences being vacated. Id.

3



hearing. See Appendix, pp. 13. Petitioner's APCR was then dismissed with the agreement of Petitioner and his counsel. See Appendix, pp. 15-17. Petitioner did not appeal these guilty pleas or sentences.

With regard to Petitioner's co-defendant Owens, the South Carolina Supreme Court reversed and remanded his case for a third re-sentencing due to the sentencing judge's error in his comments prior to Owen's decision to waive his right to a jury re-sentencing. State v. Owens, supra (Owens II). Upon remand, Owens was sentenced a third time to death, this time by a jury. State v. Owens, 664 S.E.2d 80 (S.C. 2008)(Owens III). Respondent represents, and Petitioner does not dispute, that he did not testify at Owens' third sentencing proceeding, nor was his testimony from the second sentencing proceeding read to the sentencing jury. See Memorandum in Support of Summary Judgment, p. 7. The South Carolina Supreme Court affirmed Owens' third death sentence, and the United States Supreme Court denied certiorari. Id.; see also Owens v. South Carolina, 129 S.Ct. 1004 (2009).[8]

On September 4, 2003, Petitioner filed a second APCR in state circuit court attacking his guilty pleas of April 11, 2003. Golden v. State of South Carolina, No. 2003-CP-23-6011; see Supplemental Appendix. Petitioner raised the following issues in his APCR:

1. Ineffective Assistance of Legal Counsel.

2. Denial of Right to Appeal, Violation of law and right.

3. Misinstruction of court judge and solicitor.

See Supplement Appendix, p. 3.

---

[8]Respondent represents that Owens requested a stay of execution from the South Carolina Supreme Court in order to purse PCR, which was granted. See Memorandum in Support of Summary Judgment, p. 7.



Petitioner was represented by Chace Campbell, Esquire, and an evidentiary hearing was held on October 22, 2004. See Appendix, pp. 39-64. On November 11, 2004, the PCR judge issued a final order of dismissal (dated November 8, 2004). See Appendix, pp. 65-70.

Petitioner did not timely file a notice of appeal of the decision in his PCR case. Although he subsequently filed a motion with the Supreme Court of South Carolina to allow the late filing of his notice of appeal, the South Carolina Supreme Court denied this motion on March 2, 2005, without prejudice to whatever right Petitioner might have to proceed under Austin v. State, 409 S.E.2d 395 (S.C. 1991). See Appendix, pp. 71-72.

Petitioner then filed a third APCR on June 10, 2005; Golden v. State of South Carolina, No. 2005-CP-23-3660; see Appendix, pp. 19-24; in which he argued that his counsel in his second APCR failed to timely file an appeal. See Appendix, pp. 21. All parties agreed Petitioner was entitled to an appeal from the denial of his second APCR; see Appendix, pp. 73-77; following which the PCR judge dismissed Petitioner's third APCR and granted Petitioner a belated appeal. See Appendix, pp. 73-75.

Petitioner filed his belated appeal on May 22, 2006. See Appendix, pp. 76-78. Petitioner was represented in his belated PCR appeal by Kathrine Hudgins of the South Carolina Office of Appellate Defense, who filed a Johnson[9] brief raising the following issue:

> Was trial counsel ineffective in failing to move for a competency evaluation prior to the guilty plea?

See Petition, p. 2.

Counsel also filed a motion to file amended petitions for writ of certiorari, which was granted; see

---

[9]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).


Motion to File Amended Petitions; see also Order (S.C.Sup.Ct. dated January 14, 2008); and then filed an amended Johnson brief addressing the issue originally set forth and an amended petition for writ of certiorari raising the following issue:

> Did the PCR judge properly find that petitioner did not knowingly and intelligently waive his right to appellate review of a previous post conviction relief order?

See Petition, p. 2.

On April 2, 2008, the South Carolina Supreme Court granted Petitioner's counsel's request to withdraw and denied the petition on the merits. See Order (dated April 2, 2008). The Remittitur was filed on April 18, 2008. See Remittitur (dated April 18, 2008).

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

> **Ground One:** Solicitor and counsel coerced Petitioner into taking a[n] invalid plea from Solicitor.
>
> **Ground Two**: Judge Error.
>
> **Ground Three**: Judge Error and PCR Judge Error in not overturning case after counsel said didn't check into competency of [Petitioner].
>
> **Ground Four:** Judge Error.

See Petition, pp. 6-11.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus

6



Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Respondent contends in its motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[10] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

---

[10] Antiterrorism and Effective Death Penalty Act of 1996.

7



This Petition falls under § 2244(d)(1)(A).

Petitioner's state court convictions became final on April 21, 2003, ten (10) days after he entered his second guilty plea and was sentenced. Rule 203(b)(2), SCACR.[11] By the time Petitioner filed his second APCR[12] on September 4, 2003, one hundred and thirty-five (135) days had passed. The period of limitations was thereafter tolled during the pendency of Petitioner's second APCR, until December 13, 2004[13], the date that the time expired for Petitioner is file his PCR

---

[11] Because Plaintiff did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. See e.g., 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort]; Rule 203(b)(2), SCACR [10 day requirement for filing of Notice of Appeal from criminal conviction].

[12] Petitioner's first APCR was filed prior to him entering his second guilty pleas and sentencing and was dismissed when Petitioner entered his guilty pleas the second time. See Appendix, pp. 16-17. Therefore, it does not affect the timeliness issue in this case.

[13] The Court cannot determine if Respondent's reference to November 21, 2004 (instead of November 11, 2004), in its calculations is a scrivener's error. Unlike Petitioner's convictions which do not become final until ten (10) days later when the time to appeal expired [see discussion, supra], it not clear whether the limitations period is tolled under 28 U.S.C. § 2244 for the time period in which a petitioner *could have*, but did not, seek an appeal of a PCR court order. The tolling of Petitioner's PCR time period is based on 28 U.S.C. § 2244(d), which provides that the statute is tolled during the time the post-conviction or collateral petition is *pending*. See 28 U.S.C. § 2244; Ballenger v. Mauney, No. 07-496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008)[Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued]. Therefore, it is arguable that the time is not tolled during the time period to seek an appeal unless Petitioner actually pursues an appeal. However, there is also authority to support that the time should be tolled during this time period even if Petitioner does not appeal the PCR court order. Gibson v. Klinger, 232 F.3d 799, 803-804 (10th Cir. 2000)["[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which petitioner *could have* sought an appeal under state law."]. In that event, the time to file an appeal in Petitioner's state APCR was thirty (30) days, not ten (10) days. Rule 203(b)(1), SCACR. Since, even assuming that the time period was tolled during this time, it would not affect the outcome in this case, the undersigned has given the Petitioner the benefit of tolling the statute for this thirty (30) day period.

8



appeal.[14] Since Petitioner did not timely appeal the dismissal of his second APCR[15], there was no APCR pending when Petitioner subsequently filed his third APCR on June 10, 2005.[16] By that time, one hundred and seventy-eight (178) additional days of non-tolled time had passed since December 13, 2004. Respondent represents that it considers the statute to have been tolled while the third APCR was filed and while the Austin appeal was pending. See Respondent's Memorandum in Support of Summary Judgment, p. 17.[17] The limitations period was tolled until April 18, 2008, the

---

[14]Since the thirty (30) days to appeal the denial of his APCR expired on a weekend, the Petitioner would have had until Monday, December 13, 2004, to file his appeal.

[15]See Appendix, pp. 71-72.

[16]In Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681, 683-687 (2009), the Supreme Court held that when state court grants a criminal defendant the right to file an *out-of-time direct appeal* during state collateral review, before defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of limitations period is the conclusion of out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent motion for a belated appeal in a state PCR action (the case here) does not retroactively toll the statute back to the filing date of the original APCR. See Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)[holding a motion seeking a belated appeal in Florida state court did not revive an expired AEDPA]; Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001)[holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision]; Gibson v. Klinger, 232 F.3d 799, 804-808 (10th Cir. 2000)[concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court]; Fernandez v. Sternes, 227 F.3d 977, 981 (7th Cir. 2000)[holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim."]; Small v. Norris, No. 08-273, 2009 WL 1529463 at *2 (E.D.Ark. June 1, 2009)[Time period between the expiration of time to file an appeal and the filing of a motion for a belated appeal is not tolled under § 2244]. Accordingly, Petitioner did not have a PCR action pending after his time to file an appeal expired until he filed his third APCR petition seeking a belated PCR appeal.

[17]Since the Respondent considers Petitioner's time tolled upon the filing of his third APCR seeking a belated appeal of his earlier APCR, the undersigned has not addressed that issue. Cf. O'Malley v. McNeil, No. 07-228, 2008 WL 3411752 at **3-4 (N.D.Fla. Aug. 8, 2008)["[A] motion for belated appeal from the denial of post-conviction relief, 'filed at a time when Petitioner still had time on this AEDPA one year clock, was a 'properly filed' 'application' as intended by § 2244(d)(2) that tolled the AEDPA time while it was 'pending.'"](quoting Patrick v. McDonough, No.06-543,
(continued...)

9



date the South Carolina Supreme Court issued the Remittitur in Petitioner's third APCR.[18] See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed this action on October 8, 2008, one hundred and seventy-two (172) days of additional non-tolled time had accrued since the final disposition of his third APCR, for a total of four hundred and eighty-five (485) days, well outside his one year limitations period. Although the Respondent raised the issue that this Petition should be dismissed because it was not timely in his motion for summary judgment, Petitioner did not address that issue in his response or present any argument on the matter. Accordingly, as Petitioner has failed to show that his petition is timely, it must be dismissed under 28 U.S.C. § 2244(d). Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral

---

[17](...continued)
2007 WL 3231740 at * 9 (N.D.Fla. Oct. 29, 2007)); with Wilson v. Secretary, Dep't of Corrections, No. 07-1579, 2008 WL 2131610 (M.D.Fla. May 21, 2008), at * 3 [Finding the time was tolled when Petitioner filed his belated collateral appeal, not when he filed his motion seeking a belated appeal of his PCR]. In any event, how that time period is treated does not affect the outcome in this case, as this petition is untimely under either scenario.

[18]The period is tolled until the date that the Remittitur was issued by the South Carolina Court of Appeals. See SCACR 221(b); see also Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App. 1994)[sending of the remittitur ends appellate jurisdiction].



review]; <u>Pearson v. North Carolina</u>, 130 F.Supp.2d 742 (W.D.N.C. 2001); <u>Calderon v. U.S. District Court of the Central District of California</u>, 127 F.3d 782, 785-787 (9th Cir. 1997), <u>cert. denied</u>, 118 S.Ct. 1395 (1998), <u>overruled on other grounds in later appeal</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert. denied</u>, 119 S.Ct. 1377 (1999).

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 17, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

